HOBSON, Judge.
Appellant, Annie Mae Lovell, seeks review of her conviction of first degree murder as charged by an indictment naming her and her son, Joseph Bolesta, with the premeditated killing of her husband Elbert W. Lovell.
Prior to the taking of testimony in the trial below through a motion to suppress which was denied and now on appeal, appellant contends that certain statements made by her at the scene of the crime tainted her voluntariness in making similar statements at a later time while at the sheriff’s office. We deem it proper at this juncture to note that, prior to being subjected to any interrogation at the sheriff’s office, appellant was not only orally given the usual Miranda[1] warnings, but she also signed a written consent to interview which enumerated the Miranda warnings within its body.
During the night of the murder several members of the sheriff’s department arrived at the Lovell farm which was the scene of the crime. Some of the neighbors and Mrs. Lovell’s nephew were also present at the time. Appellant submits that during the period of time, consisting of four to five hours, that intervened since the arrival of the first patrol car and her journey to the sheriff’s office, two members of the sheriff’s department unlawfully extracted certain incriminating statements from her without giving the Miranda warnings since she was already a suspect and therefore within their “custody” at the time.
We disagree since the record of the testimony taken during argument over appellant’s motion to suppress refutes appellant’s contention. Testimony by those accused of such deceit and misconduct reveals that while at the farm all they did was conduct a preliminary investigation; no one was under suspicion for murder; nor was the investigation narrowed down to any particular person during the period of time in question. Both also testified that the questions asked of her were general in nature and were mostly directed towards statistical information concerning the deceased. Therefore, the Miranda warnings need not have been given since appellant was not under any “custodial interrogation” and the trial judge was correct in denying appellant’s motion to suppress.
As to appellant’s second point challenging the validity of the verdict we have read the transcript of evidence taken at trial and find that it is amply sufficient to sustain the verdict and judgment.
Appellant also contends that the trial court erred in denying her motion for a preliminary hearing dated December 2, 1969 after she had already been indicted by the grand jury on October 21, 1969. However, a preliminary hearing is not essential to due process or a fair trial, Baugus v. State, Fla.1962, 141 So.2d 264, cert. denied, 371 U.S. 879, 83 S.Ct. 153, 9 L.Ed.2d 117 (1962), and in any event there is no evidence shown that she was prejudiced at trial because of its absence; therefore no error was committed in denial of the motion.
Appellant’s fourth point on appeal has been considered and found to be without merit.
The judgment is therefore
Affirmed.
PIERCE, C. J., and McNULTY, J., concur.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).